IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | CIVIL NO. 14-00129 SOM/BMK |
| Plaintiff, | ) ) ) | ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT |
| vs. | ) ) | |
| BYRON E. CHALFONT, individually and d/b/a Honolulu Tavern, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   INTRODUCTION.**

The court has before it a motion for partial summary judgment filed by Plaintiff Joe Hand Promotions, Inc. ("Joe Hand"). Joe Hand seeks summary judgment on Count I of the Complaint, a claim for violation of 47 U.S.C. § 605. The motion for partial summary judgment is denied.[1]

**II.   FACTUAL BACKGROUND.**

Joe Hand is a distributor of sports and entertainment programming. See ECF No. 33-2, PageID # 97. It purchased the commercial licensing rights to the "Ultimate Fighting Championship 147: Wanderlei Silva v. Rich Franklin" ("UFC 147"), a bout held on June 23, 2012. See id. Joe Hand then sold sublicenses to commercial customers, including restaurants and bars, allowing those customers to show UFC 147 at their

---

[1] The court decides this matter without a hearing pursuant to Local Rule 7.2(d).

establishments. See id.

Out of concern with increasing piracy of its broadcasts, Joe Hand began policing its signals and hired auditors and law enforcement personnel to identify signal pirates. See id. Through this effort, Joe Hand allegedly determined that Defendant Byron E. Chalfont, the then-owner of Honolulu Tavern, exhibited UFC 147 at his business without a sublicensing agreement. See ECF No. 1, PageID # 4-5; ECF No. 33-2, PageID # 98.

According to Joe Hand, a private investigator named Samuel D. Fears entered Honolulu Tavern at 4:33 p.m. on June 23, 2012. See ECF No. 33-6, PageID # 122. He ordered a drink from an employee named Angel. See id. Fears says he observed a Dell computer "on the bar in the back" showing part of UFC 147, including a fight between Fabricio Werdum and Mike Russow. Id. Ten people were in Honolulu Tavern while Fears, who left at 5:17 p.m., was there. See id. at PageID # 123.

Joe Hand says that Honolulu Tavern would have been charged a sublicense fee of $750 to show UFC 147. See ECF No. 33-2, PageID # 98.

On March 13, 2014, Joe Hand filed the Complaint in this action against Chalfont, alleging that the showing of UFC 147 without a sublicense violated 47 U.S.C. § 605 (Count I) and 47 U.S.C. § 553 (Count II), and constitutes conversion (Count III).

2

See ECF No. 1.

Joe Hand seeks partial summary judgment as to Count I of its Complaint, arguing that the uncontroverted facts demonstrate that Chalfont violated 47 U.S.C. § 605. See ECF No. 33-1.

In his opposition to Joe Hand's motion, Chalfont contends that disputed issues of material fact preclude summary judgment. See ECF No. 37, PageID # 144. Chalfont says that he did not allow any pay-per-view program to be illegally shown at Honolulu Tavern. See id. at PageID # 143. Chalfont contends that time stamps on pictures taken by Fears at Honolulu Tavern indicate that they were not in fact taken on June 23, 2012, the day Chalfont is alleged to have shown UFC 147. See ECF No. 37, PageID # 142. Chalfont also contends that the Dell computer Fears refers to "was not capable of streaming such a program without constant buffering which would make it difficult to watch." Id. According to Chalfont, the Dell computer was provided as a courtesy to guests of Honolulu Tavern and of the hotel in which it was located, the computer did not have a security code, and it was not used for profit. See id. Chalfont also asserts that Fears entrapped him by placing scenes of UFC 147 on the computer. See id.

**III.     STANDARD.**

Summary judgment shall be granted when "the movant

3

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The movant must support his or her position that a material fact is or is not genuinely disputed by either "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c). One of the principal purposes of summary judgment is to identify and dispose of factually unsupported claims and defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial. See id. at 323. A moving party without the ultimate burden of persuasion at trial--usually, but not always, the defendant--has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).

The burden initially falls on the moving party to identify for the court those "portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).

The nonmoving party must set forth specific facts showing that there is a genuine issue for trial. T.W. Elec. Serv., Inc., 809 F.2d at 630. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact." Addisu, 198 F.3d at 1134.

All evidence and inferences must be construed in the light most favorable to the nonmoving party. T.W. Elec. Serv., Inc., 809 F.2d at 631. Inferences may be drawn from underlying facts not in dispute, as well as from disputed facts that the judge is required to resolve in favor of the nonmoving party. Id. When "direct evidence" produced by the moving party conflicts with "direct evidence" produced by the party opposing summary judgment, "the judge must assume the truth of the

evidence set forth by the nonmoving party with respect to that fact." Id.

**IV.  ANALYSIS.**

   **A.  This Court Declines to Strike Chalfont's Opposition.**

Joe Hand contends that this court should strike Chalfont's opposition because he filed it one day late, failed to use 14-point font and double-spacing as required by Local Rule 10.2(a), and failed to file a concise statement of facts. See ECF No. 39, PageID # 157. Although Chalfont should have conformed his filing to the Local Rules, this court declines to strike his opposition based on such violations, especially given Chalfont's *pro se* status. Joe Hand has not demonstrated prejudice from any of the cited failures.

   **B.  This Court May Consider Information in Chalfont's Opposition.**

Joe Hand contends that Chalfont has failed to present any admissible evidence to support his contentions because the statements in his opposition "were not sworn to under oath to be true and accurate, declared true and accurate, or notarized by a notary public." ECF No. 39, PageID # 158. Although only admissible evidence may be considered in deciding a motion for summary judgment, see Orr v. Bank of Am., NT & SA, 285 F.3d 764, 773 (9th Cir. 2002), the proper focus is not on the admissibility of the evidence's form, but on the admissibility of its contents.

6

See Fraser v. Goodale, 342 F.3d 1032, 1036 (9th Cir. 2003). Chalfont's failure to include a declaration or affidavit is immaterial if the contents of the statements in his opposition would be admissible at trial. See id.

The statements in Chalfont's opposition are "mere recitations of events within [his] personal knowledge," and such material could be admitted into evidence at trial through testimony by Chalfont himself. Fraser, 342 F.3d at 1037.

Because the information Chalfont recites in his opposition could be admitted at trial, this court may consider that information in deciding the motion for summary judgment.

**C. Joe Hand is Not Entitled to Summary Judgment on Count I.**

Joe Hand seeks summary judgment as to Count I of its Complaint, which alleges that Chalfont violated 47 U.S.C. § 605. That section states, in relevant part, that "no person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception." 47 U.S.C. § 605(a).

Disputed issues of material fact preclude summary judgment as to Count I. Chalfont disputes that any portion of UFC 147 was shown at Honolulu Tavern on June 23, 2012. See ECF

7

No. 37, PageID # 143.  Chalfont says, among other things, that he
never allowed the program to be shown at his business, that he
believes Samuel Fears (the private investigator hired by Joe
Hand) entrapped him by placing scenes of UFC 147 on the public
computer Chalfont provided for the use of his guests, that the
computer allegedly involved was not capable of effectively
streaming the program, that Fears's description of the bartender
does not reflect the bartender's actual appearance at the time in
question, and that Fears's pictures from the night of the alleged
violation were actually taken at a later date.  See ECF No. 37,
PageID #s 142-43.

Chalfont's first and second points are related.
According to Chalfont, Fears visited Honolulu Tavern and asked
Chalfont to pull up UFC 147 on the computer and then to connect
it to the large television so Fears could watch it.  See id. at
143.  Chalfont says he declined and specifically stated that he
had not paid the fee required for showing the fight.  See id.
This alleged history causes Chalfont to suspect that Fears
planted the fight on Chalfont's computer.  The court does not
view the allegation of "planting" as anything more than a
suspicion at this point, and does not rely on that allegation in
this order.

However, Chalfont's other assertions appear to rely on
matters within his personal knowledge, and they create a triable

factual issue. This court cannot say that there is no genuine factual dispute as to whether Chalfont violated 47 U.S.C. § 605(a) by allowing a pay-per-view program to be shown at Honolulu Tavern. See ECF No. 33-1, PageID # 88. Chalfont's assertions challenging specific facts material to determining whether a violation of 47 U.S.C. § 605(a) occurred preclude summary judgment. See Am. Motorists Ins. Co. v. Club at Hokuli'a, Inc., Civ. No. 10-00199 SOM/KSC, 2011 WL 4411580, at *4 (D. Haw. Sept. 20, 2011) ("This court routinely denies motions for summary judgment brought on issues that turn on disputed questions of fact").

**V.    CONCLUSION.**

Joe Hand's motion for partial summary judgment is denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 6, 2015.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Joe Hand Promotions, Inc., v. Byron E. Chalfont, individually and d/b/a Honolulu Tavern, Civ. No. 14-00129 SOM/BMK; ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT